UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CASS, INC., a California corporation,  )
                                              )
        Plaintiff,               )       3:13-CV-00701-LRH-WGC
                                              )
v.                                             )
                                             )       <u>ORDER</u>
PRODUCTION PATTERN AND FOUNDRY )
CO., INC., a Nevada corporation, aka     )
PRODUCTION PATTERN & FOUNDRY,   )
                                           )
        Defendant.             )
_____ )

       Before the Court is Defendant Production Pattern and Foundry Co., Inc.'s ("PPF") Motion to Dismiss. Doc. #9.[1] Plaintiff CASS, Inc. ("CASS") filed a Response (Doc. #11), to which PPF replied (Doc. #13). Thereafter, CASS filed a Motion for Leave to File a Supplemental Opposition to PPF's Motion to Dismiss. Doc. #14. PPF filed a Response and Supplemental Reply (Doc. #17), to which CASS did not reply. Also before the Court is CASS' Motion to File a First Amended Complaint. Doc. #18. PPF filed a Response (Doc. #20), to which CASS replied (Doc. #21).

**I.    Factual Background**

       This action involves a dispute arising from an alleged agreement between CASS and PPF for brokerage services. According to the Complaint, "CASS, pursuant to PPF's instructions, agreed to arrange for material to be provided to PPF." Doc. #1, ¶6. CASS then, "acting solely as a broker,

---

[1] Refers to the Court's docket number.

arranged for this material to be provided by a third party supplier." Doc. #1, ¶7.  In reliance on this alleged agreement, CASS entered into several agreements with Alcoa Primary Metals ("Alcoa")[2] to arrange for the materials to be provided to PPF.  Doc. #1, ¶8.  CASS alleges that PPF failed to satisfy its agreements with CASS by failing to fulfill sales orders, failing to unwind the agreements, and failing to pay for the rollover charges, fees, and costs that CASS was required to incur to Alcoa.  Doc. #1, ¶14.  CASS further alleges that PPF breached the aforementioned agreements when it failed to pay the amounts due on the sales invoices for the services, equipment, and material received by PPF.  Doc. #1, ¶24.

On December 23, 2013, CASS filed a Complaint alleging causes of action for (1) breach of contract, (2) breach of contract, (3) account stated, (4) mutual open account, (5) quantum meruit/ unjust enrichment, and (6) breach of the implied covenant of good faith and fair dealing.  Doc. #1. On March 13, 2014, PPF filed the present Motion seeking dismissal of CASS' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**II.   Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550

---

[2]  Alcoa is not a party to this action.

2

U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.   Discussion**[3]

    **A.   Breach of Contract Claims**

        **1.   Statute of Limitations**

PPF asserts that CASS' first, second, fifth, and sixth causes of actions are all barred by the statute of limitations, whether analyzed under California or Nevada law.[4] Doc. #17, Ex. A, 2:5-6. Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of

---

[3] In ruling on PPF's Motion to Dismiss, the Court considered CASS' Supplemental Opposition (Doc. #14, Ex. A), as well as PPF's Supplemental Reply (Doc. #17, Ex. A).

[4] PPF maintains that CASS' fifth cause of action for breach of the implied covenant of good faith and fair dealing, as well as CASS' sixth cause of action for unjust enrichment/quantum meruit, are derivative of CASS' first and second causes of action for breach of contract. Doc. #9, 2:17-20.

3

limitations, a motion to dismiss for failure to state a claim may lie. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). If, however, the running of the statute of limitations cannot be determined from the face of the complaint, a motion for summary judgment is the proper avenue for determining whether a cause of action is time barred. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995). Finally, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207 (citing *Conley v. Gibson*, 355 U.S. 41, 78 (1957)). In both Nevada and California, a cause of action accrues, thereby triggering the statute of limitations, when the wrong occurs and the plaintiff sustains the injury for which relief is sought.[5] *Petersen v. Bruen*, 106 Nev. 271, 274 (1990) (citing *Nelson v. A.H. Robbins Co.*, 515 F. Supp. 623, 625 (N.D. Cal. 1981)).

Here, the Court cannot ascertain from the Complaint, or the exhibits incorporated by reference therein,[6] the precise date on which CASS' breach of contracts claims accrued. Contrary to PPF's assertion, the dates on which CASS issued the sales orders and invoices or arranged for material to be provided to PPF are not the dates on which the alleged injury was sustained. Nor did the dates on which CASS' executed third-party contracts with Alcoa trigger the statute of

---

[5] Nevada Revised Statute 11.190 provides a six-year limitation period for written contract actions and a four-year limitation period for contracts not founded upon a writing. California Code of Civil Procedure §§ 337 and 339 provide a four-year limitation period on actions upon written contracts and a two-year limitation period on actions upon contracts not founded on a writing. Nevertheless, the Court declines to rule on whether Nevada or California law governs the alleged agreements at issue, as such a determination is not necessary for purposes of the present Motion to Dismiss. Moreover, CASS' allegations related to these agreements simply do not provide enough information, even if accepted as true, to conduct a meaningful choice of law analysis. For this reason, the Court also finds that CASS' request for sanctions is without merit.

[6] Under FRCP 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bankruptcy*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Case 3:13-cv-00701-LRH-WGC   Document 25   Filed 08/07/14   Page 5 of 9

limitations. Rather, PPF allegedly breached the agreements with CASS when it failed to fulfill the sales orders, failed to pay to unwind a portion of its agreement with CASS, failed to pay rollover charges, fees, and costs CASS incurred to Alcoa, and failed to pay the total amount due on the invoices. Doc. #1, ¶¶14, 20. The Complaint simply does not reveal when any of these alleged events took place. Accordingly, the Court cannot, at this juncture, conclude that CASS can prove no set of facts that would establish the timeliness of its claims.

### 2. Notice Pleading Under Federal Rule of Civil Procedure 8(a)(2)

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) a breach by the defendant; and (4) damages resulting from defendant's breach. *See* Restatement (Second) of Contracts § 203 (2007); *see also Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (1865)); *Armstrong Petroleum Corp. v. Tri–Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375 n.6 (2004). An enforceable contract requires: (1) an offer and acceptance; (2) meeting of the minds; and (3) consideration. *May v. Anderson*, 121 Nev. 668, 672 (Nev. 2005).

First, the Court finds that CASS fails to assert factual allegations that plausibly suggest the existence of a valid contract in accordance with Rule 8(a)(2)'s requirements. *See* Doc. #1, ¶6 ("pursuant to PPF's instructions, CASS agreed to arrange for material to be provided to PPF during 2008 and 2009 and generated sales orders"); *see also* Doc. #1, ¶18 ("[i]n 2007, 2008, and 2009, CASS and PPF entered into several agreements wherein CASS agreed to arrange for material to be provided to PPF"). In this regard, the Court agrees with PPF's contention that "it should be axiomatic that a complaint fails to state a cause of action for breach of contract if one cannot even discern whether the alleged contract is oral or written." Doc. #13, 9:19-20. Moreover, it's not clear that the sales orders and invoices to which the Complaint refers bear any relationship whatsoever to the claims at issue. Similarly, the letters to which the Complaint refers, which presumably evidence PPF's belief that there was an agreement, do not amount to an adequate allegation of the

existence of a valid contract. For this reason, the Court finds that CASS' first and second causes of action for breach of contract fail to give PPF fair notice of the grounds on which the claims rest.

Second, CASS does not adequately allege the nature or terms of the agreement such that PPF, or the Court, would have notice of the roles that either party played in the transaction. *See Gowen v. Tiltware LLC*, 2009 WL 1441653, at *4 (May 19, 2009) (finding plaintiff's complaint to be deficient where she failed to allege facts as to the nature and terms of the agreement). CASS' allegations that "CASS performed all its duties and obligations under the above-described agreements, except to the extent that CASS was prevented or excused from performing by the breaches of Defendants" is nothing more than a formulaic recitation of the second element of a breach of contract claim. *See* Doc. #1, ¶¶13, 22. Moreover, the Court is unable to decipher how PPF's failure to fulfill the sales orders, failure to pay to unwind a portion of the alleged agreement with CASS, and failure to pay for the rollover charges, fees, and costs that CASS incurred to Alcoa was a breach of the alleged agreement, as there is no indication of what PPF's obligations were thereunder. For this reason as well, the Court finds that CASS' first and second causes of action for breach of contract fail to give PPF fair notice of the grounds on which the claims rest. Accordingly, CASS' first and second causes of action for breach of contract shall be dismissed for failure to state a claim.

### B. Account Stated

> An account stated may be broadly defined as an agreement based upon prior transactions between the parties with respect to the items composing the account and the balance due, if any, in favor of one of the parties. To effect an account stated, the outcome of the negotiations must be the recognition of a sum due from one of the parties to the other with a promise, express or implied, to pay that balance. The amount or balance so agreed upon constitutes a new and independent cause of action. The genesis of an account stated is the agreement of the parties, express or implied.

*Old W. Enterprises, Inc. v. Reno Escrow Co.*, 86 Nev. 727, 729 (1970).[7] Here, the Court finds that

---

[7] The law in California with respect to accounts stated is not materially different from that in Nevada. *See Mercantile Trust Co. v. Doe*, 26 Cal. App. 246, 252 (1914) ("An account stated requires that there be an agreement, expressed or implied, that the balance is correct and this agreement

6

CASS' third cause of action fails to state a claim. CASS merely asserts that "[a]n account was stated in writing by and between CASS and PPF, wherein Defendant PPF agreed that it was indebted to Plaintiff CASS for the outstanding balance for the services, equipment, and material received by PPF" and that "[a]s a result, Plaintiff has been damaged in the amount of no less than $625,437.84." Doc. #1, ¶¶28, 29. However, there is no indication that CASS and PPF agreed to an amount or balance outstanding or that PPF made a promise, express or implied, to pay any amount or balance of indebtedness. Moreover, the emails to which CASS refers in its first and second causes of action do not evidence an agreement between CASS and PPF as to any particular amount of indebtedness or a promise by PPF to pay such indebtedness. Doc. #1, Ex. C, Ex. D. Accordingly, CASS' third cause of action for account stated shall be dismissed for failure to state a claim.

### C.    Mutual Open Account

To bring an action for mutual open account, "there must be mutual demands between the parties—demands upon which each might maintain an action." *Warren v. Sweeney*, 4 Nev. 101, 102 (1868). However, "[w]here payments on account are made by one party, for which credit is given by the other, it is an account without reciprocity, and only upon one side." *Id.* As such, "it cannot be said to be a mutual account consisting of reciprocal demands."[8] *Id.* Here, neither the

---

constitutes a new contract which takes the place of the original contract whether open or closed."); *see also Hallford v. Baird*, 27 Cal. App. 2d 384, 389 (1938) ("An account stated alters the nature of the original indebtedness, and is itself in the nature of a new promise or undertaking. . . . An action on an account stated is not founded upon the original items, but upon the balance ascertained by the mutual consent of parties.") (quoting *Carey v. Philadelphia & C. Petroleum Co.*, 33 Cal. 694, 696 (1867)).

[8]   Here too, and contrary to PPF's apparent assertion, the law in California with respect to mutual open accounts is not materially different from that in Nevada. *See O'Neill v. O'Neill*, 45 Cal. App. 772, 775 (1920) (there must be reciprocal demands to constitute a mutual open account); *see also Millet v. Bradbury*, 109 Cal. 170, 174 (1895) ("The account is not mutual, unless the parties have dealt with each other in the same relation, and unless the items upon the different sides of the account are capable of being set off against each other."); *Weatherwax v. Consumnes Valley Mill Co.*, 17 Cal. 344, 351 (1861) ("it is well settled that where payments have been made by one party, for which credit is

allegations in the Complaint, nor the exhibits attached thereto by reference, support a cause of action for mutual open account. CASS merely asserts that "PPF became indebted to CASS on an open account for money due in the amount of $625,437.84 for services, equipment, and material received by PPF and at PPF's specific insistence and request, and for which PPF agreed to pay the amount due." Doc. #1, ¶31. CASS further alleges that "[PPF's] last payment on the account was made on or about July 9, 2010" and "[t]he total unpaid balance on the account is $625,437.84." Doc. #1, ¶¶32, 33. However, none of these allegations amount to an allegation of reciprocity or mutuality. Accordingly, CASS' forth cause of action for mutual open account shall be dismissed for failure to state a claim.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 123 Nev. 217, 226 (2007). Where one party to a contract "deliberately countravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels v. Butch Lewis Productions*, 107 Nev. 226, 232 (1991). Here, CASS' fifth cause of action for breach of the covenant of good faith and fair dealing is derivative of its first and second causes of action for breach of contract. For the reasons explained above, however, CASS cannot pursue either breach of contract claim as presently pled. Specifically, CASS failed to satisfy Rule 8(a)(2)'s notice pleading standard. As such, CASS' fifth cause of action for breach of the covenant of good faith and fair dealing shall be dismissed.

### E. Unjust Enrichment / Quantum Meruit

The theory of quantum meruit is based upon the premise that, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay

---

given by the other, it is an account without reciprocity and only upon one side") (internal quotation marks and citations omitted).

the reasonable value thereof.  *See Hannon v. Wells Fargo Home Mortg.*, 2012 WL 2499290, *6 (D. Nev. 2012).  To establish a quantum meruit claim, "a plaintiff must show she conferred a benefit on the defendant, and the defendant appreciated, accepted, and retained the benefit under circumstances such that it would be inequitable for him to retain the benefit without paying for it." *In re Wal–Mart Wage and Hour Employ. Pract. Litig.*, 490 F. Supp. 2d 1091, 1125 (D. Nev. 2007). However, a claim for quantum meruit is not actionable when the claim is based on an express contract.  *See Mobius Connections Group, Inc. v. TechSkills, LLC*, 2012 WL 194434, *8 (D. Nev. 2012); see also *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 756 (1997).  Here, CASS' claim for quantum meruit is based entirely on the alleged agreements that form the basis for CASS' first and second causes of action for breach of contract.  Moreover, CASS' allegations related to the parties duties, obligations, conditions, covenants, and promises rely on the terms of alleged contract.  *See* Doc. #1, ¶¶ 45, 46.  Accordingly, CASS' fifth claim for quantum meruit shall be dismissed for failure to state a claim.

IT IS THEREFORE ORDERED that PPF's Motion to Dismiss (Doc. #9) is GRANTED. CASS' Complaint shall be DISMISSED without prejudice.  CASS shall have thirty (30) in which days to file an Amended Complaint.

IT IS FURTHER ORDERED that CASS' Motion for Leave to File a Supplemental Opposition is GRANTED.

IT IS FURTHER ORDERED that CASS' Motion to File a First Amended Complaint is DENIED as moot.

IT IS FURTHER ORDERED that CASS' Request for Sanctions is DENIED.

IT IS SO ORDERED.

DATED this 6th day of August, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE