UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

CASS, INC., a California corporation,

    Plaintiff,

v.

PRODUCTION PATTERN AND FOUNDRY CO., INC., a Nevada corporation, aka PRODUCTION PATTERN & FOUNDRY,

    Defendant.

3:13-CV-00701-LRH-WGC

ORDER

Before the Court is Defendant Production Pattern and Foundry Co., Inc.'s ("PPF") Motion to Dismiss Plaintiff CASS, Inc.'s ("CASS") Second Amended Complaint ("SAC"). Doc. #52.[1] CASS filed an Opposition (Doc. #53), to which PPF Replied (Doc. #54).

**I. Factual Background**

This action involves a dispute arising from an alleged agreement between CASS[2] and PPF for brokerage services. According to the SAC, CASS "acting solely as a broker . . . arranged for the delivery of material at a specified and agreed to price for PPF." Doc. #51 ¶6. CASS then "arranged for most of the material to be sent directly to Nevada by a third party supplier." *Id.* ¶7. In reliance on this alleged agreement, CASS entered into several agreements with Alcoa Primary Metals ("Alcoa")[3] to arrange for the materials to be provided to PPF. *Id.* ¶18. CASS alleges that

---
[1] Refers to the Court's docket number.
[2] PPF requests that the Court take judicial notice of the public records regarding Plaintiff's corporate identities. The Court finds that judicial notice is appropriate for this matter of public record but finds that this corporate identity is irrelevant at this stage.
[3] Alcoa is not a party to this action.

1

PPF failed to satisfy its agreements with CASS by failing to fulfill the sales orders, failing to unwind the agreements, and failing to pay for the rollover charge, fees, and costs that CASS was required to incur to Alcoa. *Id.* ¶34. CASS further alleges that PPF breached the aforementioned agreements when it failed to pay the amounts due on the sales invoices for the services, equipment, and material received by PPF. *Id.* ¶47.

On December 23, 2013, CASS filed a Complaint alleging causes of action for (1) breach of contract, (2) breach of contract, (3) account stated, (4) mutual open account, (5) quantum meruit/unjust enrichment, and (6) breach of the implied covenant of good faith and fair dealing. Doc. #1. On March 13, 2014, PPF filed a Motion to Dismiss CASS's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. #9. The Court granted PPF's Motion without prejudice on August 7, 2014. Doc. #25. CASS filed the First Amended Complaint ("FAC") on September 5, 2014 (Doc. #27), and PPF filed a Motion to Dismiss the FAC for failure to state a claim upon which relief can be granted on September 25, 2014 (Doc. #30). The Court granted PPF's Motion in part without prejudice on March 5, 2015. Doc. #48. PPF filed this Motion to Dismiss on April 20, 2015. Doc. #53.

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant to an action may bring a motion to dismiss for failure to state a claim upon which relief can be granted.[4] To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Rule 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

//

---

[4] Although Defendant improperly asserts that its Motion is brought pursuant to Rule 12(b)(5), the Court interprets this Motion to be made under Rule 12(b)(6).

2

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III. Discussion**

    **A. First Breach of Contract Claim**

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) a breach by the defendant; and (4) damages resulting from defendant's breach. *See* Restatement (Second) of Contracts § 203 (2007); *see also Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (1865)); *Armstrong Petroleum Corp. v. Tri–Valley Oil & Gas Co.*, 11 Cal. Rptr. 3d 424 n.6 (Cal. Ct. App. 2004). An enforceable contract requires: (1) an offer and acceptance; (2) meeting of the minds; and (3) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

Plaintiff asserts that Defendant breached by failing to accept aluminum ordered by PPF and subsequently failing to pay fees CASS incurred to unwind the hedge CASS placed with Alcoa. The Court previously found that the FAC did not adequately allege that PPF had an obligation to accept the alleged aluminum shipments by a certain date, or that there was any contract provision that failure to do so would require PPF to pay "rollover charges, fees, costs, and penalties." Doc. #48 at 5. The SAC significantly improves upon these deficiencies. First, Plaintiff identifies valid contract provisions that obligate PPF to accept aluminum materials that it ordered through CASS. Doc. #51 ¶15. Second, Plaintiff sufficiently contends that CASS performed on their obligations by arranging for delivery of the ordered aluminum. Doc. #51 ¶20. Finally, the SAC alleges that damages resulted from Defendant's breach. Doc. #51 ¶¶32, 35. Plaintiff also provides new support for its contentions regarding damages incurred as a result of the unwound hedge. For example, the SAC alleges that PPF informed CASS that it was purchasing material from other sources despite declining to accept the aluminum it had ordered through CASS. Doc. #51 ¶24. The SAC further provides that CASS informed PPF that, if PPF did not signal intent to comply with its obligations, CASS would unwind the hedge, and PPF would be responsible for the resulting fees and penalties. Doc. #51 ¶¶26-31. The Court thus finds that Plaintiff has sufficiently pled a breach of contract. Therefore, the Court denies PPF's Motion to Dismiss as to the first claim.

### B. Second Breach of Contract Claim

Plaintiff alleges that Defendant breached an obligation to pay for aluminum PPF received from CASS. The Court previously held that this claim sufficiently stated a claim on which relief could be granted. Doc. #48 at 6-8. In the same Order, the Court declined to dismiss the claim as barred by state statutes of limitation because it could not ascertain precisely when CASS' second breach of contract claim accrued. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir.1980) (finding that "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Defendant now contends that the claim should be barred by the Uniform Commercial Code's statute of limitations, requiring that actions for breach of sales contracts be commenced within

4

four years after the cause of action has accrued. U.C.C. § 2-725 (2002). Such a cause of action accrues when the breach occurs. *Id.* Furthermore, "where performance of contractual obligations is severed into intervals, as in installment contracts . . . an action attacking the performance for any particular interval must be brought within the period of limitations after the particular performance was due." *Armstrong Petroleum*, 116 Cal. Rptr. 3d at 422.

Defendant contends that PPF was delinquent on eleven payments between November 2008 and March 2009, and thus argues that the untimely December 23, 2013, filing date, four years after the last payment was missed, bars the claim. Plaintiff maintains that the cause of action did not accrue until July 9, 2010, when PPF made its last payment toward its debt to CASS, and that Defendant's partial payment until that time should toll the statute of limitations. In examining a motion to dismiss based on the running of statute of limitations, the court will not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. *Supermail Cargo*, 68 F.3d at 1206-07 (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). Because there remain disputed factual and legal issues inappropriate for review on a motion to dismiss, the Court cannot at this time determine when the cause of action accrued in this case. Accordingly, the Court denies Defendant's Motion to Dismiss as to the second breach of contract claim.

**C. Account Stated**

> An account stated may be broadly defined as an agreement based upon prior transactions between the parties with respect to the items composing the account and the balance due, if any, in favor of one of the parties. To effect an account stated, the outcome of the negotiations must be the recognition of a sum due from one of the parties to the other with a promise, express or implied, to pay that balance. The amount or balance so agreed upon constitutes a new and independent cause of action. The genesis of an account stated is the agreement of the parties, express or implied.

*Old W. Enterprises, Inc. v. Reno Escrow Co.*, 476 P.2d 1, 2 (Nev. 1970). The Court ruled on Defendant's prior Motions to Dismiss that Plaintiff presented insufficient evidence to indicate an agreement to pay a particular amount of indebtedness and thus support an account stated claim. Doc. #48 at 9. Plaintiff now alleges that during a June 3, 2011, meeting, PPF agreed to pay a balance of $640,437.84 to CASS. Doc. #51 ¶52. However, as Defendant notes, Plaintiff does not

point to evidence of a writing supporting a specific agreed-upon balance. *See, e.g.*, *Biltmore Press v. Usadel*, 86 Cal. Rptr. 233, 235 (Cal. Ct. App. 1970) ("An account stated is a document—a writing—which exhibits the state of account between parties and the balance owing one to the other.") (internal quotation marks and citation omitted). Thus, Plaintiff does not sufficiently allege an account stated. Therefore, the Court grants Defendant's Motion to Dismiss as to Plaintiff's account stated claim.

Plaintiff has now had three opportunities to plead its account stated claim. "Although Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires, it is not to be granted automatically." *In re W. States Wholesale Natural Gas Antitrust Litig. v. Oneok, Inc.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotation marks and citation omitted). Factors weighing against granting leave to amend include "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (internal citation omitted). The Court finds that further amendment of this claim would be futile in light of the fact that Plaintiff has failed to state an account stated claim after three attempts. Therefore, Plaintiff's account stated claim is dismissed with prejudice.

### D. Quantum Meruit and Unjust Enrichment

On the Defendant's previous Motion to Dismiss, this Court sustained Plaintiff's quantum meruit/unjust enrichment claim. To succeed on a claim for quantum meruit, plaintiff must show that it conveyed a benefit on the defendant and the defendant appreciated, accepted and retained the benefit under the circumstances such that it would be inequitable for him to retain the benefit without paying for it. *In re Wal-Mart Wage and Hour Emp't. Pract. Litig.*, 490 F. Supp. 2d. 1091, 1125 (D. Nev. 2007). A claim of unjust enrichment similarly requires plaintiff to allege that plaintiff conferred a benefit on defendant, that defendant appreciated such a benefit, and that defendant accepted and retained the benefit. *Hannon v. Wells Fargo Home Mortg.*, 2:10-cv-0966, 2012 WL 2499290, *6 (D. Nev. June 26, 2012).

The Court previously found that Plaintiff's quantum meruit and unjust enrichment claims were sufficiently pled. *See* Doc. #48 at 12-13. Defendant here argues that the quantum meruit

and unjust enrichment claims cannot be sustained because Plaintiff is predicating its claims on a contract. *See Takiguchi v. MRI Int'l., Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014). However, as the Court specifically ruled on the Defendant's prior Motion to Dismiss, Plaintiff could succeed on these claims if the contract claims are unsuccessful. Doc. #48 at 12. Accordingly, the Court denies PPF's Motion to Dismiss as to the unjust enrichment and quantum meruit claims.

### E. Breach of the Implied Covenant of Good Faith and Fair Dealing

To survive a Motion to Dismiss, a claim for breach of implied covenant of good faith and fair dealing must (1) identify the contract that is the basis for the claim, (2) identify the conduct that allegedly constituted the breach of the covenant, (3) indicate that this conduct was deliberate, and (4) show how the alleged breach caused damage. *See Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994). Here, the Court once again finds that Plaintiff pled sufficient breach of contract claims. The SAC further states that Defendant "deliberately contravened" the purpose of the contract between the parties and thereby "breached the implied covenant of good faith and fair dealing, in a manner that was unfaithful to the purpose of and intent of the contracts, by failing to take the . . . material and pay for the material that PPF received." Doc. #51 ¶¶61-62. The SAC thus sufficiently alleges the elements of breach of the implied covenant of good faith and fair dealing. Therefore, the Court denies Defendant's Motion to Dismiss as to this claim.

### IV. Conclusion

IT IS THEREFORE ORDERED that PPF's Motion to Dismiss (Doc. #52) is GRANTED in part and DENIED in part. CASS' account stated claim is dismissed with prejudice.

IT IS FURTHER ORDERED that PPF's Request that the Court take judicial notice of the corporate records maintained by the California Secretary of State is GRANTED.

IT IS SO ORDERED.

DATED this 25th day of June 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE