UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CASS, INC., | 3:13-cv-00701-LRH-WGC |
| Plaintiff, | **MINUTES OF PROCEEDINGS** |
| vs. | November 18, 2015 |
| PRODUCTION PATTERN AND FOUNDRY CO., INC., | |
| Defendant. | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>   Katie Lynn Ogden   </u>   REPORTER:  <u>           FTR           </u>

COUNSEL FOR PLAINTIFF:  <u>  Ruben Alonso Castellon                              </u>

COUNSEL FOR DEFENDANT:  <u>  Donald A. Lattin                                    </u>

**MINUTES OF PROCEEDINGS: Motions Hearing**

9:06 a.m.  Court convenes.

The court convenes to address Plaintiff's motion to compel (ECF No. 76) and Defendant's motion to strike (ECF No. 77).

The court first addresses the Plaintiff's motion to compel (ECF No. 76) and discusses the relevance of the "audit trail" relative to the "aged accounts payable reports" produced by Production Pattern & Foundry ("PPF").

After hearing from counsel, the court finds the most appropriate approach to resolve the motion to compel is to allow the deposition of PPF's person most knowledgeable ("PMK").  IT IS THEREFORE ORDERED, Plaintiff's motion to compel (ECF No. 76) is **GRANTED in part** and **DENIED in part**.  The motion is denied to the extent PPF is not required to produce the complete audit trail of the aged accounts payable reports dating back to 2009. The motion, however, is granted to the extent PPF shall make available a PMK to explain the apparent "zeroing out" of the reports as identified in Exhibit S of Plaintiff's motion (ECF No. 76-2, pgs. 103 and 104, bastes stamped PPF002562 and PPF002563).  Furthermore, PPF is required to produce all documentation relative to the decision making process regarding the reports, if any exist.  The court suggests an alternative

option to deposing the PMK is to have the PMK submit a declaration explaining reasons for the apparent zeroing out.

The court next addresses PPF's motion to strike (ECF No. 77) two (2) supplemental expert reports dated September 17, 2015 and September 25, 2015.

The court reviews and discusses with the parties District Judge Hicks' order regarding Plaintiff's quantum meruit/unjust enrichment claim (ECF No. 62, pg. 6) and whether the Klaich report is being utilized in support of those claims or for other more relevant purposes. Plaintiff's counsel argues the Klaich report is primarily intended to rebut the Defendant's claim that it (PPF) was forced to seek alternative sources of aluminum because of Plaintiff's failure to comply with contractual terms. Plaintiff argues that the Klaich report is intended to demonstrate Defendant's actions were financially motivated, i.e., that it (PPF) could secure more favorable pricing than the CASS-PPF contract provided. Plaintiff argues the Klaich report is predicated upon documents obtained from a third party ("Chrome Alloy") on the eve of the expert witness disclosure deadline.

After consideration of the briefing and oral arguments, IT IS ORDERED Defendant's Motion to Strike (ECF No. 77) is **DENIED**. However, the court will allow thirty (30) days from today's date for a supplemental rebuttal report. In addition, the parties shall complete any expert depositions within sixty (60) days of today's date.

IT IS FURTHER ORDERED, the current dispositive motions deadline (12/4/2015) and proposed joint pretrial order deadline (12/7/2015) are VACATED and REESTABLISHED as follows: dispositive motions are due by **Friday, 2/19/2016** and the proposed joint pretrial order is due by **Friday, 3/4/2016**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

10:14 a.m. Court adjourns.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk