UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| CASS, INC., a California corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PRODUCTION PATTERN AND FOUNDRY CO., INC., a Nevada corporation, AKA PRODUCTION PATTERN & FOUNDRY,<br><br>　　Defendant. | 3:13-cv-00701-LRH-WGC<br><br>ORDER |

This is a contract dispute between plaintiff CASS, Inc., and defendant Production Pattern and Foundry Co., Inc. ("PPF") stemming from a series of contracts arising from CASS's sale of aluminum alloy to PPF. Both parties moved for summary judgment (ECF Nos. 107–09), which the court denied to both parties as to CASS's first breach-of-contract claim but granted in part as to CASS on its second contract claim. ECF No. 136.

CASS now moves for the court to enter judgment on the latter claim. ECF No. 137. PPF has opposed this motion (ECF No. 143) and has also separately moved for reconsideration of the court's partial grant of summary judgment in CASS's favor (ECF No. 138). Because the court finds that there is no genuine dispute of material fact as to PPF's acknowledgement of its debt to CASS, the court will deny the motion for reconsideration. And because the second breach of contract claim is distinct from CASS's other pending claims, the court will enter judgment on it.

///

///

I. **Background**

The parties are well aware of this long-standing dispute's extensive background, which the court described at length in its summary-judgment order. *See* ECF No. 136. The motion for reconsideration relates only to PPF's statute-of-limitations defense to CASS's contract claim regarding the aluminum orders that PPF undisputedly received from CASS but for which it failed to pay.

In its summary-judgment order, this court held that an email exchange between the parties in June of 2010 constituted PPF's written acknowledgment of its debt to CASS and therefore tolled the statute of limitations. ECF No. 136 at 27. In discussing the unpaid invoices in its initial email, CASS stated that "[i]t was made very clear at our last meeting both the $640,437.84[,] which is now due[,] and the $1,041,352.60 cost to unwind the hedges must be addressed in a repayment plan presented by PPF." ECF No. 108-7 at 33. PPF responded that, "[r]egarding the outstanding balance with CASS, [PPF] has not changed [its] position in terms of this and will continue to meet [its] obligations to CASS." *Id.* at 32. Based on this exchange, the court concluded that there was no genuine dispute that PPF acknowledged its debt.

II. **Motion for reconsideration**

PPF moves for reconsideration of the grant of partial summary judgment, arguing that the issue of whether its email served as a written acknowledgement of its debt was a question of fact and therefore inappropriate for disposition at summary judgment. ECF No. 138. PPF also contends that the court erred in determining that the email was not barred under Federal Rule of Evidence 408 as a statement made during the course of compromise negotiations.

PPF is correct that it is within the court's inherent authority to reconsider its own summary-judgment order before final judgment is entered in order to correct a clear error or prevent a manifest injustice. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). However, such extraordinary relief is not warranted in this instance.

In regards to the acknowledgement issue, PPF argues that its email does not serve as a direct and unqualified willingness to pay a specific debt because "there is no indication in the

2

email of what PPF's position is or what PPF considered its obligation to be . . . ." ECF No. 145 at 3. Critically, however, PPF has failed to assert its own explanation or interpretation of its statement "regarding the outstanding balance with CASS." Absent such a conflicting interpretation, the court finds that there is no genuine dispute of material fact regarding this issue.

The undisputed facts therefore establish that (1) CASS asserted the fact that PPF owed it a specific sum of money for the aluminum that PPF had failed to pay for and (2) PPF neither disputed the amount due nor its obligation to pay the outstanding balance. Rather, PPF affirmed that it would "continue to meet [its] obligations to CASS."

Moreover, in regards to the admissibility of these statements under FRE 408, this issue was raised in PPF's motions for summary judgment and to strike and was ruled upon by the court in its last order. ECF No. 136 at 34. PPF raises this issue in its instant motion solely for the purpose of rearguing the legal merits of its position, which is improper for a motion for reconsideration.

Based on the foregoing, the court will deny PPF's motion.

**III.    Motion for entry of judgment**

    **A.    Entry of judgment is warranted**

CASS moves for entry of final judgment on its second breach-of-contract claim under Federal Rule of Civil Procedure 54(b). ECF No. 137. "When an action presents more than one claim for relief[,]" this rule allows the court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). Judgment under this rule is appropriate where there are distinct and severable claims and where immediate review of the adjudicated claims will not result in later duplicative proceedings at the trial or appellate level. *Wood v. GCC Bend*, LLC, 422 F.3d 873, 878–89 (9th Cir. 2005).

Conversely, partial judgment under Rule 54(b) is inappropriate in routine cases where the risk of "multiplying the number of proceedings and of overcrowding the appellate docket" outweighs "pressing needs . . . for an early judgment." *Morrison–Knudsen Co., Inc. v. Archer*,

655 F.2d 962, 965 (9th Cir. 1981). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases, a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result . . . ." *Id*.

The court finds that entry of judgment on CASS's second contract claim is appropriate. Although stemming from the same series of contracts, CASS's second contract claim is legally and factually distinct from its first contract claim. Any immediate appellate review of this claim, including the statute-of-limitations issue discussed above, would have no impact on CASS's remaining claims or PPF's defenses. Moreover, there is no dispute that PPF failed to pay for the aluminum it received under these contracts or as to the total principal owed from the combined invoices. The court therefore finds that there is no just reason for delaying entry of judgment on CASS's second breach-of-contract claim.

**B.     Calculating the amount of judgment**

In opposing CASS's original motion for summary judgment and the instant motion for entry of judgment, PPF has not disputed that the total balance for the unpaid aluminum invoices is $625,437.84. *See* ECF Nos. 116, 143; *see also* ECF No. 137 at 3 (listing the amount owed on each invoice). Therefore, the only remaining issue is calculating the statutory pre-judgment interest owed on the principal.

CASS's motion includes several spreadsheets calculating the amount of interest owed on each unpaid invoice based on the applicable Nevada interest rate.[1] Another spreadsheet calculates the total interest owed as $281,734.51, as of April 13, 2017, and a grand total of $907,172.35. ECF No. 137 at 24–25. Finally, CASS also calculates the total interest owed each day between April 13, 2017, and entry of judgment as $94.63 per day. *Id*. at 27–28. PPF does not dispute any of these figures or calculations.

///

---

[1] Under Nevada law, the applicable interest rate is composed of "the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions . . . plus 2 percent." Nev. Rev. Stat. § 17.130. CASS has calculated the amount of interest owed based on the pre-judgment interest rate that applied during each six-month period in which Nevada determines the prime rate at its largest bank. *See* ECF No. 137 at 11–22.

4

Therefore, the court calculates that 106 days have passed between April 14, 2017, and the date that this order was signed. At a rate of $94.63 per day, PPF owes an additional $10,030.78 in interest, bringing the grand total to $917,203.13.[2] Accordingly, the court will enter judgment in CASS's favor as to this amount.

## IV.   Conclusion

IT IS THEREFORE ORDERED that defendant Production Pattern and Foundry's motion for reconsideration (ECF No. 138) is **DENIED.**

IT IS FURTHER ORDERED that plaintiff CASS's motion for partial entry of judgment on its second breach-of-contract claim (ECF No. 137) is **GRANTED**.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment on CASS's second breach-of-contract claim in CASS's favor and against Production Pattern and Foundry in the amount of $917,203.13.

IT IS SO ORDERED

DATED this 28th day of July, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] $625,437.84 + $10,030.78.